**FILED**

MAY 03 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ABDUL KARIM HASSAN, | ) | CV-11-72-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA and | ) | |
| LINDA McCULLOCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Abdul Hassan, proceeding pro se, asserts that the Montana Secretary of State has wrongfully denied him the opportunity to appear on Montana's election ballot as a candidate for President of the United States because he is a naturalized citizen of this country. United States Magistrate Judge Keith Strong entered Findings and Recommendations on March 21, 2012, and

-1-

recommended dismissing Hassan's complaint because it fails to state a claim. Hassan timely objected to Judge Strong's Findings and Recommendations. He is therefore entitled to de novo review of the specified findings and recommendations to which he rejects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to are reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Hassan alleges that he is a candidate for the Presidency of the United States but is prevented from pursuing his candidacy in Montana because the State of Montana, acting through its Secretary of State, requires he sign a Declaration for Nomination and Oath of Candidacy for President pursuant to Montana Code Annotated § 13-10-201. Hassan alleges he cannot do so because the Declaration requires him under penalty of perjury to state that he is a natural born citizen of the United States and he is not. To sign the Declaration as a naturalized citizen would be to commit perjury. Hassan alleges he is thus precluded from appearing on presidential ballots in Montana.

Judge Strong recommended this court adopt the reasoning of the courts that

have considered similar cases Hassan brought in New York and New Hampshire. For the reasons stated below, Judge Strong's recommendation is adopted in full. In addition, I adopt the reasoning in the recently issued decision, Hassan v. State of Iowa, CIVIL NO. 4-11-CV-00574 (S.D. Iowa April 26, 2012) (doc. 21-1)("Hassan III").

All three courts dismissed Hassan's claims that later constitutional amendments implicitly repealed the Natural Born Citizen Clause of United States Constitution, U.S. Const., Art. II, § 1, cl. 5.[1] Hassan v. United States, 1:08-cv-00938-NG-LB, 3–7 (E.D.N.Y. Jun. 15, 2010) (doc. 7-1)("Hassan I"); Abdul Karim Hassan v. State of New Hampshire, 11-cv-552-JD, 3–10 (D.N.H. Feb. 8, 2012)(doc. 17-1)("Hassan II"); Hassan III, 7–11. Judges Gershon, DiClerico, and Longstaff noted that it is unclear whether the principles of implicit statutory repeal apply to the Constitution. Unlike a statute, for example, the Constitution contains a specific provision indicating how it can be amended. See United States Constitution, Art. V. But even if a constitutional provision can be implicitly repealed, Hassan falls far short of overcoming the presumption against that. The generalized nature of the First, Fifth, Fourteenth and Fifteenth

---

[1] Hassan I addresses the First, Fifth, Fourteenth and Fifteenth Amendments. Hassan III and II address the Fifth and Fourteenth Amendments.

Amendments cannot trump the narrower, more specific Natural Born Citizen Clause. Furthermore, Hassan has not shown an irreconcilable conflict between the clause and constitutional amendments and fails to demonstrate Congressional intent to repeal the clause. The decisions in Hassan I, II, and III persuasively reject the claims Hassan brings here and thus their reasoning is adopted.

Hassan himself acknowledges that the present claim and the claim he brought in New Hampshire are of an even more similar nature. Judge Joseph A. DiClerico, Jr., held that because the Natural Born Citizen Clause has not been implicitly repealed, New Hampshire's state law requiring all presidential candidates to affirm that they are natural born citizens is also constitutional. Hassan II, 10–11. Like Montana's form, the New Hampshire Declaration of Candidacy form for the Presidential primary and Declaration of Intent form will not be accepted from any person who is not a natural born citizen and is not eligible for the office of President. The State of New Hampshire and its Secretary of State, like Montana and its Secretary of State, enforced these requirements based on their interpretation of the Natural Born Citizen Clause. Both states reached the same result, and thus Judge DiClerico's reasoning applies here as well. Accordingly, Hassan's claims regarding Montana's statutes and administrative actions are dismissed.

The three courts that have considered Hassan's similar cases have uniformly and for the same reasons dismissed all the claims he brings here. This court adopts their reasoning. Accordingly, upon de novo review, and having considered Hassan's objections, I adopt Judge Strong's Findings and Recommendations in full.

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #18) are adopted in full;

IT IS FURTHER ORDERED that Hassan's Complaint (dkt #19) is DISMISSED WITH PREJUDICE for failure to state a claim.

Dated this 3rd day of May 2012.

Donald W. Molloy, District Judge
United States District Court