FILED

**NOT FOR PUBLICATION**

MAY 22 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDUL KARIM HASSAN, | No. 12-35402 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-00072-DWM |
| v. | |
| STATE OF MONTANA; LINDA McCULLOCH, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Abdul Karim Hassan, an attorney, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), and we affirm.

The district court properly dismissed Hassan's action because Hassan failed to advance a cognizable legal theory as to why Montana's requirement that candidates sign an oath declaring that they are constitutionally eligible for the Presidency before being placed on the ballot violates the Constitution.  *See id.* (dismissal for failure to state a claim can be "based on the lack of a cognizable legal theory"); *see also Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 663 (2007) ("[A] statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." (citation and internal quotation marks omitted)); *Branch v. Smith*, 538 U.S. 254, 273 (2003) ("An implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'" (citation omitted)); *Bullock v. Carter*, 405 U.S. 134, 145 (1972) ("[A] State has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies.").

Hassan's arguments concerning the absurdity doctrine are unpersuasive.  *See Crooks v. Harrelson*, 282 U.S. 55, 60 (1930) (noting that the absurdity doctrine

12-35402

will "override the literal terms of a statute only under rare and exceptional

circumstances").

**AFFIRMED.**